FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                               :
                                                     :            Chapter 13
        Delroy H. Martin                             :
                                                     :            Case No. 12-38028 (cgm)
                                                     :
                        Debtor.                      :
                                                     :
---------------------------------------------------------------X

**MEMORANDUM DECISION ON CREDITOR WINNIKEE 218 LLC'S MOTION FOR RELIEF FROM STAY AND ON DEBTOR'S MOTION TO VACATE DEED AND FORECLOSURE SALE**

**A P P E A R A N C E S :**

Victor N. Okeke, Esq.
3921 Dyre Avenue
Bronx, NY 10466
Attorney for Debtor

William W. Frame, Esq.
Corbally, Gartland and Rappleyea, LLP
35 Market Street
Poughkeepsie, NY 12601
Attorneys for Winnikee 218 LLC

Bruce Minkoff, Esq.
Robinowitz, Cohlan, Dubow & Doherty, LLP
199 Main Street
White Plains, NY 10601
Attorneys for Tuthill Finance

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

### Introduction

Winnikee 218 LLC ("Winnikee") moves for relief from stay to complete its purchase of

Debtor's home, 22 Bain Avenue, Poughkeepsie, NY ("Property") from the City of Poughkeepsie.

Delroy H. Martin ("Debtor") opposes the motion and moves the deed obtained by Winnikee be

Page **1** of **9**

vacated and further that the foreclosure sale at which Winnikee purchased the Property be vacated. For the reasons discussed below, Winnikee's motion for relief from stay is denied, the Debtor's motion to vacate the deed is granted and the Debtor's motion to vacate the foreclosure sale is denied.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(A) and (b)(2)(G) and (b)(2)(O).

## Background

Debtor filed a petition under chapter 13 on December 6, 2012. Dr's Pet., ECF No. 1. On December 16, 2010 prior to filing the Property was sold at a public auction to Bonita West LLC by the Commissioner of Finance for the City of Poughkeepsie due to the Debtor's failure to pay taxes. Cr's Relief Stay Mot. 2, ECF No. 40. Following the sale, Debtor had a two year period to redeem the property. *Id*. at 2. That period ended on December 16, 2012, ten days after the Debtor's petition was filed. *Id.*

On December 18, 2012, Bonita assigned its interest in the Property to Winnikee. *Id*. at 2. On March 27, 2013, the City of Poughkeepsie transferred the Property to Winnikee by virtue of a deed. Cr's Relief Stay Mot. Ex. B. On April 24, 2013, Winnikee commenced a "bar claims" action to extinguish the rights of all other purported lien holders on the Property pursuant to New York law. Cr's Relief Stay Mot. Ex. C. Winnikee alleges that on that date, it was unaware of the Debtor's bankruptcy.

Winnikee now moves for relief from stay. It argues that the Debtor's ownership interest in the Property terminated prior to filing. Cr's Relief Stay Mot. 3. It also argues that the Debtor does not have equity in the Property and that the Property is not necessary to an effective reorganization. *Id*. at 3.

In response to this motion, Debtor filed a Motion to Vacate and Set Aside Deed. Dr's Mot. Vacate, ECF No. 41. According to this motion Debtor owns the Property, a two family dwelling in Poughkeepsie, as well as a commercial property located at 516 Main St., Poughkeepsie, where he operates a taxi business as his only means of income. *Id.* at 5.

Both properties are secured by two liens: 1) a mortgage in the principal amount of $449,297.04 by Tuthill Finance; and 2) a second mortgage in the amount of $126,454.64. *Id*. at 5. Claim number three shows Debtor is indebted to Tuthill in the amount of $645,281.92.

Debtor is currently involved in a divorce proceeding with his wife, Rachael Martin. *Id.* at 5. Debtor states that he has not been living in the Property since 2007, as only his wife has been residing there. *Id*. at 5.

Debtor paid taxes until 2010 and alleges that his wife was responsible for paying them thereafter. *Id*. at 5. Debtor states that he was unaware that the taxes were not being paid and that he learned of this in June of 2013. *Id*. at 6. Debtor, by his motion, seeks to have the deed "set aside" and the foreclosure sale vacated as void as he believes that the sale and transfer of the deed was in violation of the stay. *Id.* at 10.

On July 11, 2013, the Debtor amended his schedules to include the tax debt, listed in the amount of $4,892.67. Am. Sched. E, ECF No. 45. Debtor also filed an amended plan proposing to pay $1,500 per month from December 2012 through December 2013 and $1,750 thereafter

until November 30, 2017. Am. Pln. 1, ECF No. 46. Debtor will then make a lump sum payment of $110,750 in December 2017. *Id.*

On July 13, 2013, Debtor filed opposition to the motion to lift the stay. Dr's Opp'n, ECF No. 48. He stated that he is in loss mitigation on his home. *Id.* at 1. He filed a request for loss mitigation on December 13, 2012 in his plan and then filed a separate request on December 19, 2012, less than two weeks after filing this petition. ECF Docket No. 10; 12. Debtor argues that he is in late stage negotiations with his two secured creditors. Dr's Opp'n, 1. He also argues that since becoming aware of his tax obligations, he has amended his plan so that he can accommodate the City of Poughkeepsie. *Id.* at 2.

Debtor argues that he has the right to pay unpaid taxes pursuant to 11 U.S.C. § 1322 as part of his chapter 13 plan, which takes precedence over § 108(b). *Id.* at 4. He also argues that Winnikee has not demonstrated compliance with an applicable City of Poughkeepsie law necessary for demonstrating transfer of the deed. *Id.*

The Debtor's home was sold for $4,892.37. *Id.* at 9. Debtor argues that even if the sale was proper, it may be avoided as a fraudulent transfer, as the home is valued at $102,000. *Id.*

Winnikee opposes the Debtor's motion to vacate the deed arguing that the deed transfers as a matter of law and, as such, there was no violation of the stay. Cr's Mem. Law 6-7, ECF No. 50.

The first mortgage holder, Tuthill, filed opposition to the lift stay as well, essentially mirroring the Debtor's arguments. ECF Docket No. 52.

## Discussion

**I. Interplay Between § 108 and § 1322 when the Redemption Period Has Not Expired at the Time of Chapter 13 Filing**

Section 108(b) provides in pertinent part:

> (b) [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of-
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 60 days after the order for relief.

11 U.S.C. § 108(b). In *Canney*, the Second Circuit held that § 108(b) caused the Debtor to lose his state law-based right of redemption. *In re Canney*, 284 F.3d 362, 372-73 (2d Cir. 2002). Winnikee argues that since Debtor's redemption period has run under state law and § 108, the deed has passed to it by operation of law. However, the debtor in *Canney* had filed for bankruptcy relief under chapter 7, not chapter 13, and as such the Second Circuit never considered the effect that § 1322 may have on a debtor's right to cure.

Other courts in this Circuit have considered the interplay between § 108 and § 1322 and have concluded that § 1322 provides "an independent right to cure under the Bankruptcy Code, apart from the debtor's right to redeem under state law which is itself extended by § 108(b)." *See In re Taylor*, 286 B.R. 275, 280 (D. Vt. 2002); *see also In re Pellegrino*, 284 B.R. 326, 332 (Bankr. D. Conn. 2002) ("Section 1322(c)(1) affords the debtor-mortgagor an indefinite period of time to confirm a Chapter 13 plan which cures a mortgage default.").

In *Taylor*, the District Court of Vermont explained the difference between redemption under state law and curing under § 1322. The court explained that curing under § 1322(b) allows a debtor to reverse the acceleration of a loan that has resulted from default while leaving most of the loan's other terms in effect. *In re Taylor*, 286 B.R. at 280. This allows the debtor to "'catch up' on the defaulted amounts while maintaining current payments." *Id*. Curing under §1322

differs from redemption in this respect as redemption does not reverse acceleration and instead obligates the debtor to pay the property buyer the amount paid plus interest within a certain amount of time. *Id*. at 283.

Debtors in a chapter 13 have rights under § 1322 that debtors in chapter 7 cases do not. One of these rights is the right to cure arrears under § 1322(c)(1), which is a federal right that is separate from the state-law right to redeem. *Id.* A debtor's right to redeem under state law is important only to establish what state-law property rights the debtor held at the time the bankruptcy petition is filed and § 1322(c)(1) relief is triggered. *Id*. Section 1322(c)(1) does not replace the state right of redemption and is only available as a "targeted federal relief for homeowners" under chapter 13. *Id*.

Based on the reasoning in *Taylor* and *Pelligrino*, Debtor would no doubt be able to cure mortgage arrears under § 1322. The issue that is currently before the Court, however, is whether a debtor may use § 1322 to cure tax arrears.

## II.    Whether § 1322 is Applicable to Tax Arrears

In *Wisotzke v. Ontario County*, 409 B.R. 20, 23 (W.D.N.Y. 2009), the court assumed *arguendo* that § 1322 was "not limited to mortgage foreclosure proceedings and may be applied to an in rem tax foreclosure proceeding[.]"

The issue was confronted directly by the court in *In re Romious*, which reasoned that "[a]s long as the redemption period has not expired prior to the bankruptcy filing, [a tax purchaser's] claim can be modified under a debtor's chapter 13 plan." *In re Romious*, 487 B.R. 883, 886 (Bankr. N.D. Ill. 2013). "The reason debtors may use Chapter 13 to pay the tax debt over time . . . is that they are not exercising their right to redeem. Instead, they are using their Chapter 13 plan to pay a secured claim over time, as they are entitled to do because § 1322(b)(2)

provides Chapter 13 debtors the right to modify claims." *Id*. (internal citations and quotations omitted).

One of the biggest incentives for a debtor to file for chapter 13 relief rather than for relief under chapter 7 is the ability to modify the rights of secured creditors. *In re LaMont*, 487 B.R. 488, 496 (N.D. Ill. 2012). Through the chapter 13 process, the debtor is able to pay secured claims in installments over the life of the plan, while retaining the value of the collateral securing the claim. *Id.* While § 108(b) sets a limit on the time that a debtor has to exercise its state law right to redemption, it does not negate those bankruptcy rights, which are specifically accorded to a debtor elsewhere in the Bankruptcy Code. *Id.*

"A tax purchaser has an in rem right against property owned by a debtor in a bankruptcy, which gives the tax purchaser a 'claim' in the bankruptcy case. *In re Romious*, 487 B.R. 883, 886 (Bankr. N.D. Ill. 2013). Under § 105(5) of the Bankruptcy Code, a "claim" is defined broadly as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 105(5). In *In re Bates*, 270 B.R. 455 (Bankr. N.D. Ill. 2001)], the bankruptcy court concluded that a tax sale purchaser holds a claim in a bankruptcy case, under the Supreme Court's analysis of claims as set forth in *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552 (1990). *See also Francis v. Scorpion Grp., LLC (In re Francis)*, 489 B.R. 262, 270 (Bankr. N.D. Ga. 2013) (adopting the same reasoning and stating that a tax purchaser "holds a

claim for the Debtor's equitable interest remaining in the Property, including [the] right to use it and to possess it, or the monetary value thereof (the redemption price)").

Here, the Debtor had the right to redeem at the time of filing; thus Winnikee has a claim in this bankruptcy case for whatever equitable interest remained in Debtor's possession upon filing the petition—a claim that Debtor is entitled to cure over the length of the chapter 13 plan, pursuant to § 1322. *See Francis*, 489 B.R. at 270. ("[T]he Debtor's property of the estate includes her equitable interest in the Property, her right to redeem, her right to possession, and her right to use the Property. The Debtor certainly could have tendered the redemption price in a lump sum within 60 days of the expiration of the original redemption period, but she did not do so. Nevertheless, [the creditor] holds a claim in the case, and the claim can be treated under Section 1322.")

The Court agrees with the reasoning in *Bates*, *Romious*, and *Francis*, and finds no reason why Debtor should not be allowed to cure his tax arrears through his chapter 13 plan, pursuant to § 1322(b)(2). As the court concluded in *Francis*, 489 B.R. at 270, "[t]his ruling is not an extension of the Debtor's non-bankruptcy rights under Section 108; it is permission for the Debtor to exercise her bankruptcy rights to pay a claim under Section 1322."

### III.    Where § 1322 Applies, Transfer of a Deed Violates the Automatic Stay

Winnikee relies on *In re Rodgers*, 333 F.3d 64 (2d Cir. 2003) for the notion that the passing of a deed is a ministerial act that does not implicate the automatic stay. However, in *Rodgers*, the Second Circuit stated that "<u>once the ability to redeem has been lost pre-petition</u>, the foreclosed property sold at a public sale is no longer property of the estate for purposes of Section 541." *Id.* at 68 (emphasis added). Here, the Debtor's ability to redeem was not lost pre-petition; it was lost post-petition. Therefore, the transfer of the deed was in violation of the

automatic stay and should be vacated. *See generally In re LaMont*, 487 B.R. 488, 498 (N.D. Ill. 2012) (citing *In re Bequette*, 184 B.R. 327, 377 (Bankr. S.D. Ill. 1995) for the proposition that "[t]he stay is applicable because even after expiration of the redemption period and until the tax deed is issued, the landowner/ debtor still holds legal title to the property"). In this case, Debtor entered into his bankruptcy with the right to redeem his property and as such, he retains his ability to cure Winnikee's claim under § 1322. The deed should never have been transferred post-petition and the transfer, in violation of the stay, is void. *See In re Coated Sales, Inc.*, 147 B.R. 842, 845 (S.D.N.Y. 1992) ("All actions in violation of the stay are void." citing *In re Parr Meadows Racing Ass'n*, 880 F.2d 1540, 1548 (2d Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990); *In re 48th St. Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir. 1987), *cert. denied*, 485 U.S. 1035 (1988)).

Debtor also seeks to vacate the foreclosure sale, which took place pre-petition and as such is not a violation of the stay. Debtor argues that the sale was a fraudulent transfer. Such a determination cannot be made in the context of a lift-stay proceeding. Debtor will have to proceed in some other way if he seeks such a determination from this Court.

## Conclusion

For the foregoing reasons, Winnikee's motion for relief from stay is denied. Debtor is allowed to cure the tax claim through his chapter 13 plan. Debtor's motion to vacate the tax deed is granted. Debtor's motion to vacate the foreclosure sale is denied. Debtor shall submit an order consist with this decision.

Dated: Poughkeepsie, New York
       August 8, 2013

                                           /s/ Cecelia G. Morris
                                          CECELIA G. MORRIS
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE